NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 KA 0471R

STATE OF LOUISIANA

VERSUS

ROBERT GEORGE GARNER JR.

Decision Rendered: **NOV 0 6 2020**

* * * * * * *

APPEALED FROM THE 22nd JUDICIAL DISTRICT COURT
ST. TAMMANY PARISH, LOUISIANA
DOCKET NUMBER 603,627, DIVISION D

HONORABLE PETER J. GARCIA, JUDGE

* * * * * * *

Bertha M. Hillman
Louisiana Appellate Project
Covington, Louisiana

Attorney for Defendant/Appellant
Robert George Garner Jr.


Warren L. Montgomery
District Attorney
and
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Attorneys for Appellee
State of Louisiana

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

McDONALD, J.

The State charged the defendant, Robert George Garner Jr., by bill of information, with domestic abuse battery by strangulation, a violation of La. R.S. 14:35.3L. The defendant pled not guilty and, following a jury trial, was found guilty as charged. The State filed a habitual offender bill of information.[1] The district court adjudicated the defendant a third-felony habitual offender and sentenced him to five years imprisonment at hard labor without benefit of probation or suspension of sentence. The defendant appealed, and this court affirmed his conviction, habitual offender adjudication, and sentence. *State v. Garner,* 19-0471 (La. App. 1 Cir. 11/15/19), 2019 WL 6045349 (unpublished). The Louisiana Supreme Court subsequently granted the defendant's writ application and remanded the case for further proceedings in light of *Ramos v. Louisiana,* 590 U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *State v. Garner,* 19-01910 (La. 6/3/20), 296 So.3d 1032 *(per curiam).*

## ASSIGNMENT OF ERROR

In his sole assignment of error, the defendant argues the district court erred in accepting a non-unanimous jury verdict, that is, that 11 of 12 jurors voted to convict him. He argues that a unanimous verdict is required under the Sixth Amendment. Specifically, the defendant contends that La. Const. art. I, §17A and La. C.Cr.P. art. 782A, providing for non-unanimous jury verdicts, violate the Equal Protection Clause of the United States Constitution's Fourteenth Amendment.

In the recent decision of *Ramos,* 140 S.Ct. at 1397, the United States Supreme Court overruled *Apodaca v. Oregon,*[2] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972) and held that the United States Constitution Sixth Amendment right to a jury trial, incorporated against the States by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. The *Ramos* Court indicated that its ruling may require retrial of those defendants convicted of felonies by non-

---

[1] The defendant has prior felony convictions for illegal use of a weapon and aggravated burglary (by battery).

[2] In *Apodaca,* the non-unanimous jury verdict provision of Oregon's state constitution was challenged. *In Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with *Apodaca,* the United States Supreme Court upheld then-existing Louisiana constitutional and statutory provisions allowing nine-to-three jury verdicts.

2

unanimous verdicts whose cases are still pending on direct appeal. *Ramos,* 140 S.Ct. at 1406.

Accordingly, we set aside the defendant's conviction, habitual offender adjudication, and sentence, and remand the case for a new trial.

CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE SET ASIDE; REMANDED FOR NEW TRIAL.